UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DOUGLAS P. BUSH,

        Plaintiff,

v.

8TH CIRCUIT COURT,

        Defendant.

_____/

Case No. 1:18-cv-248

Honorable Paul L. Maloney

## **OPINION**

This is a civil action brought by a state prisoner, ostensibly pursuant to Federal Rule of Civil Procedure 60(d)(3). Plaintiff has paid the full civil action filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants 8th Circuit Court for failure to state a claim.

## **Discussion**

### I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. Plaintiff

sues 8th Circuit Court of Michigan (Montcalm and Ionia Counties), arguing that he is entitled to relief from his conviction and sentence under Federal Rule of Civil Procedure 60(d)(3).

Plaintiff currently is serving a prison term of 3 years and 9 months to 20 years, imposed in 2001 by the 8th Circuit Court after a jury convicted Plaintiff of one count of first-degree criminal sexual conduct involving a person under 13 years (CSC I), Mich. Comp. Laws § 750.520b(1)(A). Plaintiff consistently has maintained his innocence. He previously has made numerous attempts to be relieved from his conviction and sentence or to be released on parole. Plaintiff has filed five habeas corpus actions. In the first, *Bush v. Renico*, 2:04-cv-74609 (E.D. Mich. Oct. 4, 2005), the district court denied the petition, following a full review of the state-court record. *Id.* (ECF Nos. 36-37). Nearly five years after the case was dismissed, Plaintiff filed a motion under Fed. R. Civ. P. 60(d)(3), challenging, as he does in this action, the misrepresentation of a juror's identity and profession. The district court transferred the case to the Sixth Circuit on November 23, 2010, on the grounds that it was a second or successive petition. (No. 2:04-cv-74609, ECF No. 53). The Sixth Circuit subsequently denied leave to file a second or successive petition on September 12, 2011. (No. 2:04-cv-74609, ECF No. 54).

Plaintiff filed four additional habeas actions challenging his convictions or continuing confinement in 2013,[1] all of which were dismissed or transferred to the Sixth Circuit. *See Bush v. Rivard*, No. 1:13-cv-142 (W.D. Mich. Apr. 29, 2013) (denying challenge to parole denial); *Bush v. Thrall*, No. 1:13-cv-314 (W.D. Mich. June 6, 2013) (transferring to Sixth Circuit as second or successive challenge to conviction); *Bush v. Michigan Court of Appeals*, 1:13-cv-386 (W.D. Mich. May 6, 2013) (transferring to Sixth Circuit an action ostensibly filed under Fed. R.

---

[1] Plaintiff filed a fifth action in this Court that purported to be a habeas corpus proceeding. *See Bush v. Rivard*, No. 1:13-cv-518 (W.D. Mich.). The case, however, did not seek review of Plaintiff's conviction or sentence, but challenged the Court's dismissal of an earlier civil rights action filed by Plaintiff. The Court dismissed the action on June 12, 2013, because it was not cognizable in a habeas proceeding. (No. 1:13-cv-518, PageID.61-65.)

Civ. P. 60(d)(3) for fraud on the court); *Bush v. Rivard*, No. 1:13-cv-568 (W.D. Mich. Aug. 5, 2013) (denying petition as either second or successive or an improper challenge to the legality of the Court's disposition of earlier actions attacking his parole denials and claims of fraud upon the court).

In addition, Plaintiff filed two civil actions related to his confinement that, like this action, were not filed as habeas corpus proceedings. *See Bush v. Heyns et al.*, No. 1:13-cv-347 (W.D. Mich. Apr. 29, 2013) (dismissing complaint challenging the denial of parole); *Bush v. Marfori*, No. 1:06-cv-524 (W.D. Mich. Jan. 8, 2007) (dismissing complaint that challenged the accuracy of testimony used in his criminal trial).

Plaintiff claims, as he has in some of his prior cases, that his 2001 criminal conviction in the 8th Circuit Court of Michigan was obtained by way of a fraud upon the court. He asserts that some of the jurors were biased. Plaintiff makes specific allegations about one juror, whom he claims fraudulently misidentified himself and his profession during voir dire by stating that he was a tool and die worker when he was in fact an employee at the jail where Plaintiff was housed. Plaintiff references his own testimony and the exhibits introduced at a sentencing hearing in the Southern District of Ohio, when Plaintiff was attempting to explain how he came to send a threatening communication to a Sixth Circuit judge. *See United States v. Bush*, No. 1:14-cr-80 (S.D. Ohio) (1:14-cr-80, ECF No. 44). In his complaint, Plaintiff also claims that the misidentified juror conspired with the prosecutor, the judge, and defense counsel to knowingly allow the falsely identified juror to serve on the jury.

Plaintiff contends that the juror's misidentification amounted to a fraud upon the court in his criminal proceeding. He argues that he was denied his rights under the Due Process Clause and convicted on the basis of insufficient evidence. In addition, he contends that the fraud

violated his rights to equal protection and to access the courts. Plaintiff suggests that the fraud also violated state tort law and constituted obstruction of justice. Plaintiff does not specify the relief he seeks, but he challenges the validity of his conviction and his continued incarceration.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's complaint constitutes the latest of his many challenges to his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-

87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot bring a cognizable claim seeking damages for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: June 6, 2018 /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge